UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BURNS, Jr.

    Plaintiff,                       Civil Action No. 05-CV-71836-DT
v.                                 HONORABLE ARTHUR J. TARNOW
                                     UNITED STATES DISTRICT COURT

DEFENDANT OVERTON,

    Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff William Burns, Jr.'s *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is a state inmate currently confined at the Huron Valley Correctional Facility in Ypsilanti, Michigan. Plaintiff's complaint has been reviewed and is now dismissed without prejudice for failure to exhaust state administrative remedies pursuant to 42 U.S.C. § 1997e(a).

### II. Complaint

Plaintiff's alleges that he is not receiving proper medical attention for his blindness. Plaintiff seeks injunctive and monetary relief.

### III. Discussion

The complaint must be dismissed because plaintiff has failed to plead or to prove that he exhausted his administrative remedies. 42 U.S.C. § 1997e(a), as

*Burns v. Overton,* 05-71836-DT

amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

A prisoner filing a 42 U.S.C. § 1983 case involving prison conditions must allege and show that he or she has exhausted all available state administrative remedies. *Brown v. Toombs*, 139 F. 3d 1102, 1104 (6th Cir. 1998). A prisoner who seeks monetary damages must complete the prison administrative process, even where that process may not offer the prisoner the specific remedy that he or she seeks. *Booth v. Churner,* 532 U.S. 731, 734 (2001). Therefore, so long as a prison system has an administrative process that will review a prisoner's complaint, even when the prisoner seeks monetary damages, the prisoner must first exhaust his or her prison administrative remedies. *Id.* The PLRA's exhaustion requirement applies to all prisoner lawsuits about prison life, whether they involve general circumstances or particular episodes, and regardless of whether the suit alleges excessive force or some other wrong. *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Federal courts may enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F. 3d at 1104. A prisoner may not amend his or her § 1983 complaint to cure a failure to plead the exhaustion of administrative remedies.

*Burns v. Overton,* 05-71836-DT

*Baxter v. Rose,* 305 F. 3d 486, 487 (6th Cir. 2002).  Therefore, a prisoner's *pro se* § 1983 action is properly dismissed without prejudice in the absence of any indication in the complaint that the prisoner has properly exhausted his or her state administrative remedies as required by the PLRA. *Brown v. Toombs,* 139 F. 3d at 1104.

In order to effectuate the language contained in § 1997e(a), a prisoner must plead his or her claims with specificity and show that they have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F. 3d 640, 642 (6th Cir. 2000).  In the absence of particularized averments concerning exhaustion which show the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e(a). *Id.*

In this case, plaintiff admits that he has failed to exhaust his administrative remedies.  The Michigan Department of Corrections (M.D.O.C.) has established a grievance system whereby prisoners may seek redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement. *See* M.D.O.C. Policy Directive 03.02.130 (April 28, 2003).[1]  Under the grievance system, the

---

[1]  The following issues are not grievable: (1) decisions made by hearings officers of the Office of Policy and Hearings and decisions made in minor misconduct hearings; (2) decisions made by the Parole Board, and (3) issues that are not within the authority of the Department to resolve. *Id.* at F.

*Burns v. Overton,* 05-71836-DT

grievant must make a reasonable effort to resolve a dispute verbally within two business days of becoming aware of a grievable issue. *Id.* at R.  If discussion does not resolve the dispute, the grievant may prepare a written grievance and submit it to the Step I grievance coordinator at the facility within five business days of discussing the issue with staff. *Id.* at R, X.  If the grievant is dissatisfied with the Step I response or does not receive a timely response, he or she may appeal to Step II within five business days of receiving the Step I response, or if no response was received, within five business days after the date that the response was due. *Id.* at DD.  If the grievant is dissatisfied with the Step II response or does not receive a timely response, he or she may appeal to Step III by sending a Step III grievance form to the Prisoner Affairs Section within ten business days of receiving the Step II response, or if no Step II response was received, within ten business days after the Step II response was due. *Id.* at HH.

A Michigan prisoner must pursue all three steps of the grievance procedure in order to properly exhaust his or her administrative remedies. *See Chamberlain v. Overton,* 326 F. Supp. 2d 811, 815 (E.D. Mich. 2004).  Because plaintiff has failed to exhaust his administrative remedies, his complaint must be dismissed without prejudice.

*Burns v. Overton,* 05-71836-DT

## IV. ORDER

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED FOR FAILURE TO EXHAUST STATE ADMINISTRATIVE REMEDIES**, pursuant to 42 U.S.C. § 1997e(a).

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
                                                United States District Judge

Dated: August 10, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2005, by electronic and/or ordinary mail.

                                                s/Catherine A. Pickles
                                                Case Manager